Docket Number 243342. That is Merrill Lynch, Elkin Holdings v. Iowa Public Employees' Retirement. Thank you. Mr. Schwed, am I pronouncing your name correctly? Yes, Your Honor. Okay. You have five minutes. May it please the Court, Richard Schwed for the Merrill Lynch defendants. Cases in this circuit and in other circuits make clear that at the class certification stage, district courts must resolve disputes between competing experts even if those disputes overlap with merits issues. Resolving what's often referred to as the battle of experts is a task for the judge at this stage. It cannot be sidestepped and left for the jury. The district court did not engage in that exercise here, and plaintiffs have acknowledged as much. On page 7, footnote 1 of their proposed SIR reply, they say, and I'm quoting, the district court did not resolve a battle of the experts. Despite cases that we've cited like IPO and Teamsters, courts within the circuit have taken very different approaches to resolving the battle of the experts or expert disputes in recent cases at the class certification stage. In the VRDO case — Look, I understand that you are arguing that we have to rigorously analyze the competing experts and decide which of the critiques are more convincing. But that only has to decide whether or not the plaintiff's evidence is capable of proving the class-wide injury, right? Your argument isn't that they actually have to resolve it. That is correct, Your Honor. The court does not have to say that plaintiffs actually have proved that every member of the class has been injured. But where the question of capability involves competing experts, you have a battle of the experts, it is not enough to say that the plaintiff's experts have put forward a model that does this. What you have to do is actually engage in what's often referred to as the rigorous analysis. So is your argument that there were some things that they didn't engage at all in? Or was it just not rigorous enough? My argument, Your Honor, is that the district court did not engage in the type of analysis required to resolve this issue at the class certification stage. It is not enough to merely say that the plaintiff's expert, for example, has addressed an issue or considered an issue. The judge needs to look at both sides' experts the same way it would be if it were the finder of fact on the question. Okay, but is there a requirement for, like, magic words? Do they have to say, does the district court have to say something like, I find my preponderance of the evidence of the plaintiff's expert is more convincing than the defendant's? Is that what you are expecting at this stage? I think, Your Honor, that words do matter. And the district court certainly did not say that she had found the plaintiff's expert to be more convincing by a preponderance of the evidence. That's certainly not what happened. And so words do matter. But it's also the substance, Your Honor, there was not the type of analysis that one would expect when you were actually comparing two expert reports and making an actual determination, as if you were the decider of this issue. And that is the crux of the issue. And that is essentially what is causing different approaches in the district courts, where in VRDO, the court did not engage in that type of analysis, and this court granted the 23-F petition. In the interest rate swap... Well, but is that actually proving her point, or is that actually suggesting that there's a little bit of play in the joints and that there does not need to be a finding of magic words just because the presumption is that most cases, in the minority of cases, people could be dealing with it later? I don't think that's... I think the right answer is that this needs to be... The Supreme Court and this circuit have made clear that class certification is an issue for the judge, not the jury. Obviously, the jury is the finder of the ultimate issue on injury. But class certification is something that the judge has to decide at this stage, and that is something that even the plaintiffs admit. Excuse me. Yes. And it can be appealed to us at this stage? Absolutely, Your Honor. As we see in the VRDO case, this is not a guaranteed appeal. There is a right to petition, which is what we have done here. It was granted in VRDO. In IRS, which came out the other way, where the judge actually did resolve the battle of the experts, the same plaintiffs' counsel filed the 23-F in that. In that case, arguing that the judge committed an error because it found that disputes between experts must be resolved at this stage of the litigation. And that is the fundamental question here. Do disputes between experts need to be resolved at this stage of the litigation? I just want to... I see my time is about to run out. I want to make two quick points. We do have a separate conflict issue, which I think is well briefed and I haven't had time to get to. And we believe that this qualifies both under compelling need and the other standard and compares favorably to VRDO, where eight banks were dividing alleged $12 billion versus here, even after judgment reduction, it's more than $2 billion. Okay. Thank you so much. Thank you. May it please the Court. David Cooper on behalf of the plaintiffs' respondents. The class certification here went through two rounds of review, and in very thorough opinions the magistrate judge and the district court found that all requirements of Rule 23 are satisfied. These opinions apply the exact legal standard for predominance that the Supreme Court has adopted, whether the issues are capable of resolution on a class-wide basis. Okay. So can you explain to me... I think your colleague would say that they, on the other side, would say that the district court did nothing more than apply a Daubert standard. If you think that's... Either explain to me why you think that's incorrect and that perhaps more was done or why that would be sufficient at this stage. Sure. So they did not actually challenge these experts on Daubert. And so what the district court did was it looked at each of their criticisms of the experts. This is pages 27 through 33 of the opinion, and went piece by piece with every single criticism and explained why that did not defeat the fact that the issues were capable of resolution on a class-wide basis. And I want to be clear about exactly what they're arguing here, because the defendant before this Court suggested that the Court would be saying ultimately who is right or wrong. But in at page 19 of their petition, what they asked for is a determination of whether, quote, plaintiff's evidence had in fact demonstrated class-wide impact. That's the test that they're asking for, and that is the test that the Supreme Court has clearly rejected in cases like Amgen and Tyson. And so here what the district court did was say, let's look at the issues, let's look at all the criticisms of the expert and determine not ultimately who is going to be correct, not ultimately who is going to prevail in front of the jury, but can this be done as a class case such that there's common evidence that the jury will see and the jury can decide whether or not that common evidence ultimately proves injury to the entirety of the class. And after looking at all the criticisms, after looking at all of the facts, all of the expert reports, what the district court and the magistrate judge found was that a jury could decide this all on a class-wide basis. Nothing more is required. In fact, that's exactly the test that the Supreme Court has set forth in cases like Amgen and Tyson. And I want to point out as well that they rely heavily on the VRDO case. But there is no scenario where the VRDO case warrants Rule 23 after review here. If VRDO affirms the legal standard, then obviously there's no basis for review. If VRDO did anything that even called into question the opinion here, which is very doubtful given that the opinion applied to the Supreme Court precedent directly, but even if it did, they could always go to the district court and raise that to the certified. So, but either way, if there was some change in the law, this Court could not decide in the first instance how to apply that law to the facts. There would have to be a remand to the district court. So there is no scenario where it makes sense to have this Court take up the very same legal issue that's being argued in VRDO one week from now, again in a separate case. Or if you want to look at it in terms of the Rule 23. Is that a suggestion for staying or holding this in abeyance until that one is resolved? Certainly it's within this Court's discretion to do so. But we would suggest that it does not make sense to do so in this case. Because, again, whatever happens in the VRDO case, at most, would mean that the district court has to consider it. And the district court absolutely has an ongoing obligation to consider the correctness of class certification. They can move to decertify if there were any kind of change in law that they felt undermined the decision. So there really is no practical benefit to waiting for the VRDO case to then send it back to the district court if there were any reason to do so, when the district court, of course, can and would consider any changes in the law regardless. And there is a significant harm from doing so. This case has been pending for over seven and a half years. And so this delay is considerable. And that's why, you know, they talk about there is a right to appeal this. But what this Court has said is that 23-F should be granted only in rare cases. And this Court in Sumitomo explained why that is. Because, as a general matter, interlocutory appeals disrupt a litigation, create additional costs for the parties in litigants, and it is, therefore, disfavored. That is why there is a specific test for Rule 23-F review that requires either a compelling issue in need of immediate resolution, and there is none here, because even to the extent there were an issue in need of resolution, it's being resolved in another case. And second, if you don't meet that, then you have to meet a different standard, which says it has to be effectively terminate the litigation and a substantial proof of a questionable issue. It's not the death knell of the case. They can't even argue that they don't have the resources that far, far exceed any potential damages at work here. And so they have the choice of whether to proceed to final judgment. And there is no questionable issue when the district court applied the exact legal standard, both in the predominance and in the adequacy of representation issue, that the Supreme Court and this Court have held correct as a matter of law. And the application of that law to the particular facts of this case is subject to abusive discretion review that does not warrant interlocutory appeal. I see my time is up. Thank you so much. This is well-argued. We will take this case on. Bye, sir.